[No. 26978. Department One. August 12, 1938.]

*In the Matter of the Estate of* MARY BYAM, *Deceased.*
THE STATE OF WASHINGTON, *by William H. Pemberton,*
*as Supervisor of the State Inheritance Tax and*
*Escheat Division, Appellant,* v. MARY ISABELLE
MALLAHAN, *as Executrix, Respondent.*[1]

*William H. Pemberton* and *Charles Snyder,* for appellant.

*Little & Leader,* for respondent.

GERAGHTY, J.—Mary Byam, a widow, died in King county on January 14, 1931, leaving a will in which she devised and bequeathed all of her property to a niece, Mary Isabelle Mallahan; the niece was also nominated by the testatrix as executrix of her will. After the will had been admitted to probate, the executrix filed an inventory of the property of the estate, the value of which was appraised at $2,936.87.

[1]Reported in 82 P. (2d) 111.

The executrix having failed to make a report to the inheritance tax and escheat division of the state of Washington, the supervisor of that division, on September 17, 1937, made his findings in the estate, fixing the amount of inheritance tax due in the sum of $453.24, being ten per cent of the value of the estate, with accrued interest.

The law firm that had represented the executrix filed objections to the findings of the supervisor. The objections enumerated certain expenses incurred and paid by the executrix, for which allowance was claimed in computing the net estate subject to inheritance tax. Among other things, it was alleged that, pursuant to the request of Mary Byam, her body was transported for interment to Clinton, Iowa, her former home, and that the necessary expenses in connection with her burial amounted to $1,630.44. In their objections, the attorneys stated that they did not know the present whereabouts of the executrix.

The court, after a hearing upon the issues raised by the supervisor's findings and the objections thereto, made an order adjudging that the executrix was indebted to the state of Washington in the sum of $99.20, on account of the inheritance tax due from the estate, with interest at the rate of eight per cent per annum from January 14, 1931, until paid. In determining the amount of tax due, the court allowed credit for certain items of expense incurred and paid by the estate, including the item for burial expenses. The supervisor appeals.

The only error assigned by the supervisor is the court's allowance for burial expenses, which, he contends, were excessive. No statement of facts or bill of exceptions has been filed in this court, and the respondent moves for dismissal of the appeal upon that ground.

█ The appellant contends that the court heard no evidence, but arrived at its conclusion from an inspection of the probate files. He has filed in this court the affidavit of one of his assistants to the effect that no evidence, documentary or oral, was introduced at the hearing before the trial court. If this be a fact, it should be evidenced, like any other fact, by the court's certificate, rather than the affidavit of an attorney. On appeal, every fact necessary to support a judgment regularly entered, not expressly negatived by the record, will be presumed.

█ · The appellant argues that, on its face, the allowance made by the court for funeral expenses, out of an estate of approximately three thousand dollars, should be presumed excessive.

In determining the reasonableness of the allowance for funeral expenses, the court will take into account the value of the estate, but value is not the determining factor alone. Other circumstances are also to be taken into account, and, in the absence of a showing to the contrary, it must be presumed that the court had such circumstances before it when the order was made.

The appellant cites the statutory provision that the supervisor's findings are deemed to be *prima facie* correct. They are deemed correct until the court has concluded otherwise. When the superior court overrules the supervisor's findings, its determination is final, subject only to review in this court on appeal.

The motion to dismiss the appeal is denied, but the judgment is affirmed.

STEINERT, C. J., MAIN, HOLCOMB, and SIMPSON, JJ., concur.